UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

PATRICIA ALLEN, )
      Plaintiff, )
)
v. ) No. 3:08-CV-345
) (Phillips/Shirley)
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL SECURITY, )
      Defendant. )

## MEMORANDUM OPINION

This social security appeal is before the court for consideration of the plaintiff's objections [Doc. 18] to the report and recommendation filed by United States Magistrate Judge C. Clifford Shirley [Doc. 17]. Magistrate Judge Shirley found the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence in the record as a whole and recommended that plaintiff's motion for summary judgment be denied and that defendant Commissioner's motion for summary judgment be granted.

Plaintiff made her application for disability insurance benefits alleging disability beginning March 3, 2004. The claim was denied by the administrative law judge (ALJ) on January 23, 2007. The Appeals Council reviewed the ALJ's decision and denied the claim on July 15, 2008. Plaintiff sought judicial review of the Commissioner's decision. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., this court has now

undertaken a *de novo* review of those portions of the report and recommendation to which plaintiff objects. For the reasons that follow, the objections will be overruled.

Plaintiff first argues that the magistrate judge erred in finding the ALJ's determination was supported by substantial evidence because he failed to give controlling weight to the opinion of the reviewing state agency physician who opined that plaintiff can lift/carry a maximum of only 20 pounds occasionally, and ten pounds frequently. This finding, plaintiff argues, would preclude medium-exertion work. However, this assessment actually supports the ALJ's conclusion that plaintiff could perform two of her past jobs which were categorized as light work. Light work requires lifting and carrying 20 pounds occasionally and 10 pounds frequently. *See* 20 C.F.R. § 404.1567. In addition, a vocational expert opined that plaintiff's past work as a sales clerk and food service worker would require only light exertion. I find plaintiff's objection without merit.

Next, plaintiff argues that the magistrate judge erred in finding the ALJ's determination that she retained the mental residual functional capacity to perform no more than simple and some detailed tasks during the workweek; interact infrequently or one-on-one with the general public and meet basic social demands in a work setting; and adapt to gradual or infrequent work changes was not supported by substantial evidence in the record. The mental limitations in the RFC found by the ALJ incorporated the opinion of Dr. Sachs, a psychologist consultative examiner, who found plaintiff was not significantly limited in her ability to understand and remember, ability to sustain concentration and

persistence, ability to interact appropriately socially; and ability to adapt. The ALJ also found that plaintiff's statements concerning the intensity, persistence and limiting effects of her depression were not entirely credible in light of the medical evidence and plaintiff's treatment history, discrepancies between plaintiff's statements regarding her activities, and plaintiff's behavior at the hearing. Because the ALJ had the opportunity to observe the demeanor of the plaintiff at the hearing, his conclusion should be accorded deference. *Hardaway v. Sec. of Health & Human Servs.,* 823 F.2d 922, 928 (6th Cir. 1987).

Plaintiff also argues that the magistrate judge erred in finding the ALJ's determination was supported by substantial evidence because he failed to give controlling weight to the opinion of the consultative examiner, Ms. Garland, a social worker, who opined that plaintiff "may" be limited in her ability to do very complex and detailed work; her ability to get along with people was moderately limited; and her adaption and ability to work with the public were severely limited." However, Ms. Garland's evaluation is not consistent with other evidence contained in the record. The record shows that plaintiff had very little psychological treatment and there was evidence that her symptoms responded to medication. In addition, plaintiff reported taking custody of her nephew, who required care after being injured in a car accident. Plaintiff also provided care for her mother. As noted by the ALJ, Ms. Garland's opinion was based on plaintiff's subjective complaints during a clinical interview, without the benefit of psychological testing. The ALJ accorded greater evidentiary weight to the opinion of the consulting Board-Certified Psychologist, Dr. Sachs, over the opinion of the social worker. While the commissioner certainly considers

information from a social worker under 20 C.F.R. § 404.1513(e), such information is not considered information from an acceptable medical source. 20 C.F.R. § 404.1513(a). Therefore, I find that the ALJ appropriately discounted Ms. Garland's findings based upon the record evidence as a whole. *See Young v. Sec. of Health & Human Servs.* 925 F.2d 146, 151 (6th Cir. 1990) (opinion appropriately rejected because it appeared to be based on plaintiff's subjective complaints as opposed to medical examination or psychiatric testing). Dr. Sach's opinion was based upon the record as a whole and is consistent with the evidence of record.

Last, plaintiff argues that the magistrate judge erred in finding that the ALJ reasonably relied on the opinion of Dr. Sachs because additional evidence presented after his report may have changed his opinion. However, the additional evidence was available to the ALJ, who considered it, but found it not determinative of disability because plaintiff did not seek counseling or mental health treatment after her hospital admission. I find plaintiff's objection to the ALJ's determination of her mental RFC without merit.

Finding no error in the report and recommendation, the court will overrule plaintiff's objections; deny plaintiff's motion for summary judgment; grant defendant Commissioner's motion for summary judgment; and dismiss this case.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge